IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANESSA NDIAYE, )
)
    Plaintiff, )
)
-vs- ) Civil Action No. 16-1142
)
NANCY A. BERRYHILL,[1] )
ACTING COMMISSIONER OF SOCIAL )
SECURITY, )
)
    Defendant. )

AMBROSE, Senior District Judge.

## OPINION AND ORDER

### Synopsis

Plaintiff Vanessa Ndiaye ("Ndiaye") brings this action seeking judicial review of the ALJ's decision denying her claim for a period of disability[2] and disability insurance benefits ("DIB"). Ndiaye filed an application on December 31, 2013 alleging a disability beginning on July 2, 2013. (R. 13) She appeared and testified at a March 2014 hearing, as did a vocational expert. The ALJ ultimately denied Ndiaye's claim, finding her capable of sedentary work with certain restrictions. (R. 22) Ndiaye has appealed and challenges the ALJ's decision in several respects. Pending are cross motions for summary judgment. See ECF Docket nos. 12 and 16. After careful consideration, the decision of the ALJ is affirmed.

### Legal Analysis

1. <u>Standard of Review</u>

---

[1] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017, replacing Carolyn W. Colvin.
[2] Ndiaye's earnings establish that she remained insured through December 31, 2017. (R. 13)

1

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Determining whether substantial evidence exists is "not merely a quantitative exercise." *Gilliland v. Heckler,* 786 F.2d 178, 183 (3d Cir. 1986) (*citing Kent v. Schweiker,* 710 F.2d 110, 114 (3d Cir. 1983)). "A single piece of evidence will not satisfy the substantiality test if the secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence – particularly certain types of evidence (e.g., that offered by treating physicians)." *Id.* The Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel,* 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

    2. <u>Carpal Tunnel Syndrome</u>

Ndiaye contends that the ALJ failed to properly evaluate her carpal tunnel syndrome. First she insists that the ALJ should have found the impairment to be

"severe" at the second step of the analysis. Although Ndiaye acknowledges that typically such an alleged error would be "harmless" given that the ALJ did not deny benefits at this stage,[3] she nevertheless insists that the ALJ's decision was erroneous because the ALJ did not consider all the medical evidence contained in the record and provide adequate explanations for rejecting it. I disagree. The ALJ found in Ndiaye's favor at the second step of the analysis. Thus, even if he should have found her carpal tunnel syndrome to be severe, any such error was harmless. See *Salles v. Comm'r. of Soc. Sec.*, 229 Fed. Appx. 140, 145 n. 2 (3d Cir. 2007), *Rutherford v. Barnhart*, 399 F.3d 546, 553 (3d Cir. 2005) and *Roberts v. Astrue*, Civ. No. 8-625, 2009 WL 3183084 (W.D. Pa. Sept. 30, 2009). Further, contrary to Ndiaye's assertions, the ALJ did reference relevant medical evidence in support of his decision. For instance, the ALJ found that EMG and nerve conduction studies done in June of 2012 showed "no evidence of a larger fiber neuropathy," and EMG and nerve condition studies performed in November of 2013 showed "no evidence of axonal degeneration, neuropathy, or cervical radiculopathy." (R. 16) Similarly, the ALJ cited to an August 2015 nerve conduction study. (R. 16) The ALJ concluded that Ndiaye's "carpal tunnel syndrome is noted to be 'stable' and she is regularly assessed with normal strength in her upper extremities with normal fine motor movements." (R. 16)[4]

Nor do I find persuasive Ndiaye's contention that the ALJ failed to account for how her carpal tunnel syndrome impacted her residual functional capacity (RFC)

---

[3] Here, the ALJ concluded that Ndiaye's degenerative disc joint disease of the bilateral knees and obesity constituted "severe impairments."

[4] Ndiaye cites to the Third Circuit Court of Appeals' decision in *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981) for the proposition that the ALJ here erred in failing to acknowledge contrary medical evidence. I reject the suggestion that the *Cotter* decision is on point. In *Cotter*, the Third Circuit found erroneous the ALJ's failure to address expert medical testimony which was probative and supportive of the claimant's position. Here, Ndiaye has not submitted a single expert medical opinion in support of her claim that her carpal tunnel syndrome is disabling.

assessment. The only medical opinion of record establishes no medical limitations. Dr. Tran, a state agency physician, reviewed Ndiaye's medical records. Although he noted a "[m]ild bilateral resting hand tremor," he found no manipulative limitations. (R. 86-87) This opinion is uncontradicted. The ALJ found this opinion to be "balanced, objective, and consistent with the evidence of record as a whole." (R. 21) He further noted that, although "the State agency consultant did not have an opportunity to examine or treat the claimant, the report clearly reflects a thorough review of the record and is supportable. The opinion is supported by physical examinations showing no more than mild to moderate symptoms and limitations, as well as, the claimant's significant daily living activities." (R. 21) Indeed, although Ndiaye claimed to have difficulties opening jars, carrying grocery bags, drawing, playing Sudoku, stocking merchandise, *et cetera,* she was able to wash dishes on a daily basis (R. 205), cook meals (R. 63), tend to her personal hygiene (R. 63), play on the computer (R. 207), and drive. (R. 38-39) The ALJ found that "such activities do not support the presence of debilitating functional limitations." (R. 21) Further, Ndiaye was able to continue working on a full-time basis during the pendency of her claim.[5] Ndiaye worked in the craft and fabric department at Walmart and was able to measure and cut materials for customers, to enter necessary information in the computer, and to complete paperwork. (R. 239) Not surprisingly, the ALJ found "the fact that the claimant has continued to work on a full-time basis indicates that her daily activities and functional abilities are considerably greater than she alleges and is extremely compelling evidence that the claimant remains able to work on a full-

---

[5] Ndiaye's earnings after the alleged onset date did not disqualify her on the grounds of being engaged in "substantial gainful activity" because she was receiving "special accommodations" while working. (R. 15-16) Specifically, Ndiaye, who complained that "her worst medical problem is her knee and foot pain," (R. 19) was given "special accommmodations" in order to perform her work. (R. 16)

4

time competitive basis." (R. 21) Thus the ALJ's findings regarding Ndiaye's RFC is supported by substantial evidence of record. Ndiaye's arguments to the contrary are not persuasive.

In sum, Ndiaye has not presented any cogent argument in support of reversal or remand. The only medical opinion evidence submitted in this case supports the ALJ's decision. Further, the ALJ's decision is supported by Ndiaye's activities of daily living, including her position at Walmart. Consequently, the ALJ's decision is affirmed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

VANESSA NDIAYE, )
 )
    Plaintiff, )
 )
 -vs- ) Civil Action No. 16-1142
 )
NANCY A. BERRYHILL,[6] )
ACTING COMMISSIONER OF )
SOCIAL SECURITY, )
 )
    Defendant. )

AMBROSE, Senior District Judge.

## **ORDER OF COURT**

Therefore, this 12th day of May, 2017, it is hereby ORDERED that Plaintiff's Motion for Summary Judgment (Docket no. 12) is denied and Defendant's Motion for Summary Judgment (Docket no. 16) is granted. It is further ORDERED that this action is AFFIRMED.

                                          BY THE COURT:

                                          /s/ Donetta W. Ambrose
                                          Donetta W. Ambrose
                                          United States Senior District Judge

---

[6] Nancy A. Berryhill became acting Commissioner of Social Security on January 23, 2017.